UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ATT,<br><br>　　　　Defendant. | Case No.  1:23-cv-01628-JLT-SKO<br><br>FIRST SCREENING ORDER<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

On November 20, 2023, Plaintiff Pastor Isabel Vela, proceeding pro se and *in forma pauperis*, filed a complaint against AT&T for alleged unfair business practices. (Docs. 1, 2.) Upon reviewing the complaint, the Court concludes that the complaint does not establish a basis for federal jurisdiction.

Plaintiff has the following options as to how to proceed.  She may file an amended complaint, which the Court will screen in due course.  Plaintiff may file a statement with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order.  Plaintiff may also voluntarily dismiss this case.  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

**I.　　SCREENING REQUIREMENT**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

1

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

## II.     DISCUSSION

### A.     Plaintiff Fails to Establish Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is the plaintiff's burden to establish that this Court has jurisdiction.  *Id*.  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted).  Diversity jurisdiction exists when the suit is between "citizen of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs." 28 U.S.C. § 1332.  Plaintiff does not allege that there is diversity jurisdiction in this case, as, according to her complaint, all parties are citizens of the state of California.  (*See* Doc. 1 at 3–4.)

Plaintiff asserts this Court has jurisdiction under the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45, and the First and Ninth Amendments to the U.S. Constitution.  (Doc. 1 at 3, 7.)  Plaintiff has not sufficiently alleged federal question jurisdiction under either theory.

Regarding the FTC Act, private parties such as Plaintiff have no right of action to enforce provisions of FTC Act that prohibit unfair or deceptive acts or practices in commerce, as initial remedial action is vested solely in the FTC.  *Carlson v. Coca–Cola Co*., 483 F.2d 279, 280 (9th Cir. 1973); *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981); *Diessner v. Mortg. Elec. Registration Sys*., 618 F. Supp. 2d 1184, 1191 (D. Ariz. 2009).  *See also O'Donnell v. Bank of Am*.,

Nat. Ass'n, 504 F. App'x 566, 568 (9th Cir. 2013) (the "court rightly dismissed the unfair competition claim premised on [defendant's] alleged violation of the Federal Trade Commission Act. The federal statute doesn't create a private right of action."). Therefore, this statute cannot be the basis for subject matter jurisdiction.

Plaintiff's reliance on the First and Ninth Amendments is equally misplaced. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." Construing Plaintiff's complaint liberally, the First Amendment does not appear to give rise to any claim against AT&T for alleged unfair business practices.[1]

The Ninth Amendment provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). While "[i]t has been argued that the ninth amendment protects rights not enunciated in the first eight amendments[,] . . . the ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Id*. (internal quotations and citations omitted). Thus, "[c]auses of action based on the Ninth Amendment fail to state a legal claim." *Williams v. Fresno Cty. Dep't of Soc. Servs*., No. 1:21-cv-00596-DAD-SAB, 2021 WL 3033578, at *6 (E.D. Cal. Jul. 19, 2021) (citing *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1245 (W.D. Wash. 2016)). For the foregoing reasons, Plaintiff has failed to establish federal question jurisdiction on the basis of the First or Ninth Amendment to the U.S. Constitution.

///

---

[1] Even were the Court to construe Plaintiff's allegation of jurisdiction under the First Amendment as the assertion of a claim under 28 U.S.C. § 1983 ("section 1983") against AT&T, it would not be cognizable. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two elements: 1) that a right secured by the Constitution or laws of the United States was violated and 2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty*., 811 F.2d 1243, 1245 (9th Cir. 1987). Even assuming that Plaintiff could satisfy the first element, which, as noted above, is not clear, her section 1983 claim fails to satisfy the second element, as she has not alleged that AT&T was acting under the color of state law. *See, e.g., Rendell–Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("it is fundamental that the First Amendment prohibits **governmental infringement** on the right of free speech.") (emphasis added).

**B.     Leave to Amend Will Be Granted**

The Court has screened Plaintiff's complaint and finds that it fails to establish subject matter jurisdiction. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint so she can attempt to set forth a basis for subject matter jurisdiction and allege cognizable claims. *Lopez*, 203 F.3d at 1130.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that, in determining whether a complaint states a basis for jurisdiction and cognizable claims, the Court's duty is to evaluate the complaint's allegations, not to wade through exhibits.

Plaintiff is further advised that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint as described above, which will be screened in due course. Alternatively, Plaintiff may choose to stand on the complaint subject to the Court issuing findings and recommendations consistent with this

4

order to a district judge.  Lastly, Plaintiff may file a notice of voluntary dismissal.

### III.    ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a. File a First Amended Complaint;

    b. Notify the Court in writing that she wants to stand on the current complaint; or

    c. File a notice of voluntary dismissal.

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:23-cv-01628-JLT-SKO.

4. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **January 16, 2024**             /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE