UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR ISABEL VELA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ATT,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01628-JLT-SKO<br><br>FINDINGS AND RECOMMENDATION THAT THE CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(Docs. 5 & 6)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Pastor Isabel Vela, proceeding pro se and *in forma pauperis* in this action, filed a civil complaint on November 20, 2023. (Doc. 1). On January 16, 2024, the undersigned screened the complaint, found that it failed to state any cognizable claims, and granted Plaintiff thirty days leave to file an amended complaint curing the pleading deficiencies identified in the order. (Doc. 5.)

On January 31, 2024, Plaintiff filed an amended complaint, which is before the Court for screening. (Doc. 6.) After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of the original complaint, Plaintiff has failed to plead any cognizable claims. Accordingly, the Court RECOMMENDS that Plaintiff's amended complaint be DISMISSED without leave to amend.

### I.  SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

1

1   each case and shall dismiss the case at any time if the Court determines that the allegation of poverty
2   is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which
3   relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.
4   28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district
5   court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193
6   (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines
7   that a complaint fails to state a claim, leave to amend may be granted to the extent that the
8   deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130
9   (9th Cir. 2000) (*en banc*).

10   In determining whether a complaint fails to state a claim, the Court uses the same pleading
11   standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and
12   plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P.
13   8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
14   a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556
15   U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A
16   complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of
17   a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri*
18   *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum
19   factual and legal basis for each claim that is sufficient to give each defendant fair notice of what
20   the plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of*
21   *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

22   In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept
23   as true all factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94
24   (2007).  The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S.
25   at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it
26   stops short of the line between possibility and plausibility of entitlement to relief."  *Id*. (quoting
27   *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

28

## II.  DISCUSSION

### A.  Plaintiff's Allegations

Plaintiff alleges that Defendant "ATT," which the Court construes as the telecommunications company AT&T, engaged in "civil rights violations and improper business practices." (Doc. 6 at 7.)  She claims that when she signed a service contract with Defendant in 2018, she was not notified of Defendant's participation in the "Stellar Wind Program." (*Id*. at 8.)  Plaintiff alleges that program "involved warrantless surveillance of communications and the collection of metadata." (*Id*.)  Plaintiff also alleges that Defendant made "unauthorized changes" to her account resulting in "excessive fees," and that she was "locked and forced into [a] contract" that "led to [her] account being past due and unable to pay." (*Id*. at 9, 10.)  Plaintiff purports to bring claims for violations of the First, Fourth, and Ninth Amendments to the U.S. Constitution, the Clayton Act, "bait and switch," and the "Freedom of Religion." (*Id*. at 3, 8–10.)

### B.  Plaintiff Fails to State a Cognizable Claim

#### 1.  Plaintiff Fails to Plead a Civil Rights Violation

Plaintiff alleges violations of the First (which encompasses the "Freedom of Religion"), Fourth, and Ninth Amendments to the U.S. Constitution.  A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution.  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

To state a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  With regard to the first element, private parties are not generally acting under color

of state law for the purposes of Section 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.") (quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 936–37 (1982)). There exist, however, some circumstances in which the actions of a private actor may render that actor liable under section 1983. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (en banc). Specifically, a plaintiff must show that "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar*, 457 U.S. at 937.

Here, Defendant AT&T is a private party, and Plaintiff fails to allege facts to support a finding that Defendant has acted such that their conduct is fairly attributable to the government. Accordingly, Plaintiff has failed to state a cognizable Section 1983 claim.[1]

### 2.     Plaintiff Has Not Stated a Claim Under the Clayton Act

The Clayton Act authorizes a private individual to bring suit under the antitrust laws if that individual has been "injured in his business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. Only individuals who possess antitrust standing by virtue of having suffered such injury may sue to redress an antitrust violation. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 529–535 (1983); *see also Cargill, Inc. v. Monfort of Colorado, Inc*., 479 U.S. 103, 113 (1986) ("a private plaintiff must allege threatened loss or damage 'of the type the antitrust laws were designed to prevent and that flows from that which makes defendants' acts unlawful.'") (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc*., 429 U.S. 477, 497 (1977)).

---

[1] As set forth above, Plaintiff alleges a claim for relief for violation of the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX. The Ninth Amendment does not provide a basis upon which Plaintiff may impose liability under § 1983 because it does not "independently [secure] any constitutional rights. . . ." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); *Ramirez v. Butte-Silver Bow County*, 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiffs may not " 'double up' constitutional claims), *aff'd sub nom. Groh v. Ramirez*, 540 U.S. 551 (2004); *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional claim."). Accordingly, a Section 1983 claim predicated on a violation of the Ninth Amendment is not cognizable.

To show antitrust injury,

> a plaintiff must prove that his loss flows from an anticompetitive aspect or effect of the defendant's behavior, since it is inimical to the antitrust laws to award damages for losses stemming from acts that do not hurt competition. If the injury flows from aspects of the defendant's conduct that are beneficial or neutral to competition, there is no antitrust injury, even if the defendant's conduct is illegal per se.

*Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1433 (9th Cir. 1995) (citing *Atl. Richfield Co. v. USA Petroleum, Inc.*, 495 U.S. 328, 334 (1990)) (private suit brought under Section 4 of the Clayton Act). The losses alleged by Plaintiff are (1) excessive fees and (2) mental and emotional duress. These alleged losses do not hurt competition and are not antitrust injuries. Plaintiff does not state a claim under the Clayton Act.

### 3. The Amended Complaint Does Not Comply With Rule 9(b)

Plaintiff purports to allege a claim for "bait and switch," which the Court construes as a claim sounding in fraud. (*See* Doc. 6 at 10.) Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 990 (2004). Federal Rule of Civil Procedure 9(b) requires that, when a plaintiff alleges fraud, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Although the substantive elements of fraud are established by state law, a plaintiff must plead the elements in accordance with the requirements of Rule 9(b). *See Vess v. Ciba–Geigy Corp., USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106. In other words, a plaintiff must allege facts establishing "the who, what, when, where, and how" of the fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Like her prior complaint, Plaintiff's amended complaint does not meet this heightened pleading

standard.

### C. Leave to Amend is Not Recommended

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. (9th Cir. 1996). However, once the court has already granted a plaintiff leave to amend a complaint, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616,622 (9th Cir.2 004)); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

Further amendment is not appropriate in this case. When dismissing the initial complaint, the undersigned advised Plaintiff could file an amended complaint if she believed that she could set forth a basis for subject matter jurisdiction and allege cognizable claims. (*See* Doc. 5 at 4.) Plaintiff has repeatedly demonstrated that she is unable to marshal facts sufficient to constitute a cognizable claim and that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the defects of her amended complaint. Thus, the undersigned declines to give any further leave to amend and recommends that the action be dismissed.

### III. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's amended complaint (Doc. 6) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **February 8, 2024**                    */s/ Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE